73 F.3d 378
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Gerald Frederick WARREN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7055.
 United States Court of Appeals, Federal Circuit.
 Nov. 29, 1995.
 
 Before PLAGER, Circuit Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ORDER
 PLAGER, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Gerald Frederick Warren's appeal for lack of jurisdiction. Warren has not responded. Warren moves for leave to supplement his informal brief. Warren also submits a document entitled "Motion for Sanctions and Appellant's Amended Direct Challenge to VA Rules and Practices." The Secretary has not responded.
 
 
 2
 Warren sought an increased evaluation for post-traumatic stress disorder and a total rating for compensation purposes based on individual unemployability. On September 27, 1994, the Board of Veterans Appeals remanded Warren's claims to the regional office. Warren appealed to the Court of Veterans Appeals. Warren also submitted a document that the Court of Veterans Appeals construed as a request for extraordinary relief. The Court of Veterans Appeals dismissed the appeal for lack of jurisdiction because there was no final Board decision and denied Warren's request for extraordinary relief, stating that it appeared that adjudication of Warren's claims was proceeding. Warren appealed to this court.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Warren argues that the Court of Veterans Appeals should have reviewed the Board's remand order and that he is entitled to extraordinary relief in order to correct a "VA psychiatric misdiagnosis." Essentially, Warren seeks review of the Court of Veterans Appeals' application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Warren's motion for leave to supplement his informal brief is granted.
 
 
 9
 (4) Warren's other requests for relief are denied.
 
 
 10
 (5) Each side shall bear its own costs.